MEMORANDUM **
Kenneth Arnold (“Arnold”), as personal representative of the Estate of Robert *579 Earl Parker (“Parker”), appeals from the district court’s grant of summary judgment to the City of Boulder City (“Boulder City”), Officer Joseph “Tony” Norte (“Norte”), and Officer Daniel (“Daniel”) in his 42 U.S.C. § 1983 suit alleging excessive use of force in violation of the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Long v. City and County of Honolulu, 511 F.3d 901, 905 (9th Cir.2007), and viewing the evidence in the light most favorable to Arnold, we affirm.
The district court correctly determined that claims alleging excessive use of force are governed by the reasonableness standard set forth in Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). To decide whether the force the officers used against Parker was reasonable, we must undertake a “careful balancing of ‘the nature and quality of the intrusion on [Parker’s] Fourth Amendment interests’ against the countervailing governmental interests at stake.” Id. at 396, 109 S.Ct. 1865 (internal citation omitted). While we recognize Parker’s poor health and advanced age at the time of his arrest, even construing the facts in Arnold’s favor, the force employed by Norte and Daniel was not unreasonable. The district court, therefore, properly granted summary judgment to Norte and Daniel.
Because we conclude that the officers did not use excessive force in violation of the Fourth Amendment, Arnold’s § 1983 claims against Boulder City also fail. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (“If a person has suffered no constitutional injury at the hands of the individual police officer[s], the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.”) (emphasis omitted); Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir.2007) (explaining that a failure to train claim requires a showing that the victim suffered an actual deprivation of a constitutional right).
Arnold’s remaining claims lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.